02-11-291-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00291-CR

 

 


 
 
 aPRIL FELIcia OWENS 
 a/k/a april f. owens
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 372ND
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          On
July 5, 2011, as part of a plea-bargain agreement, Appellant April Felicia
Owens a/k/a April F. Owens pleaded guilty to theft, and the trial court
sentenced her to seven months’ confinement in state jail.  Also on July 5, 2011,
the trial court certified that this is a plea-bargain case and that Appellant
has no right to appeal.  On July 14, 2011, Appellant filed a notice of appeal. 
On July 15, 2011, we notified Appellant that the trial court’s certification,
which indicates that Appellant has no right to appeal, had been filed in this
court and that this appeal could be dismissed unless Appellant or any party
desiring to continue the appeal filed a response showing grounds for continuing
the appeal by August 1, 2011.  See Tex. R. App. P. 25.2(d), 44.3.  To
date, we have received no response showing grounds for continuing the appeal.

          Rule
25.2(a)(2) limits the right of appeal in a plea-bargain case to matters that
were raised by written motion filed and ruled on before trial or to cases in
which the appellant obtained the trial court’s permission to appeal.  Tex. R.
App. P. 25.2(a)(2).  The trial court’s certification denied permission to
appeal, but Appellant’s notice of appeal asserts that the matters to be
addressed in her appeal were raised by written motion and ruled on before
trial.  However, the trial court specifically noted on the face of Appellant’s
notice of appeal, “There were no PT motions with appeal issues heard.”

          Further,
the record shows that Appellant and her counsel signed a document entitled “Written
Waiver of Defendant – Joined by Attorney,” which states, “I give up and waive
any and all rights of appeal in this case.”  The court of criminal appeals has
held that a valid waiver of appeal will prevent a defendant from appealing
without the consent of the trial court.  Monreal v. State, 99 S.W.3d
615, 622 (Tex. Crim. App. 2003).  Because Appellant has waived her right to
appeal and no one has responded to our July 15, 2011 letter requesting grounds
for continuing the appeal, we dismiss this appeal.  See Tex. R. App. P.
25.2(d), 43.2(f).

 

PER CURIAM

 

PANEL: 
GABRIEL, J.; LIVINGSTON,
C.J.; and DAUPHINOT, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 15,
2011









[1]See Tex. R. App. P. 47.4.